[Birmingham Railway, Light & Power Co. v. Nalls.]

# Birmingham Railway, Light & Power Co. v. Nalls.

## Injury to Passenger.

(Decided July 2, 1914.   66 South. 5.)

1. *Carriers; Injury to Passenger; Wantonness.*—Defendant was not entitled to have a verdict directed for it under a count charging wanton or willful misconduct where the jury might have found from the evidence that the conductor of the trailer signalled the movement of the cars and caused the doors to be closed at a time when he knew plaintiff was alighting, and was between the doors in such a situation that to move the cars or close the doors would probably result in injury, and that the conductor's action was characterized by a reckless indifference to the probable consequences of the movement of the cars and closing the doors.

2. *Damages; Instructions; Conformity to Evidence.*—Where damages for loss of time were claimed in the complaint, and there was evidence showing a loss of time by reason of the injury, and the monetary equivalent thereof, defendant was not entitled to a charge that plaintiff could not recover for time lost from work.

3. *Appeal and Error; Review; Damages.*—There being credible evidence and reasonable inferences therefrom upon which the jury might rest the amount awarded, both as to compensation and exemplary damages, the amount of the verdict did not show such passion or prejudice as to require the setting aside of the verdict.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by W. M. Nalls against the Birmingham Railway, Light & Power Company for damages for injuries suffered while a passenger. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and T. A. McFARLAND, for appellant. The judgment was excessive and should be set aside.—Acts 1911, p. 587; *M. & C. R. R. Co. v. Martin*, 117 Ala. 382; *L. & N. v. Anchors*, 114 Ala. 492; *B. R. L. & P. Co. v. Brown*, 150 Ala. 326.

·HARSH, BEDDOW & FITTS, for appellee. It is clearly a question for the jury whether defendant was guilty of wanton injury.—*So. Ry. v. Shelton*, 136 Ala. 191; *C. of Ga. v. Partridge*, 136 Ala. 595; *B. R. L. & P. Co. v. Drennen*, 57 South. 879. The court will not disturb the verdict where it is supported by the evidence.—*C. of Ga. v. White*, 175 Ala. 60; *So. Ry. v. Crowder*, 130 Ala. 265.

McCLELLAN, J.—Action for damages 'by passenger against the carrier, appellant.

The first count ascribed the injury to simple negligence'in and about the service to plaintiff; and the second count ascribed the injury to wanton or intentional misconduct on the part of servants for whose wrong, in this relation, defendant was accountable.

The evidence has been carefully considered; and the conclusion prevails that the defendant was not entitled to the affirmative charge, requested for it, on the second count. It was open for the jury to find that the conductor of the trailer signaled the movement of the cars and caused the doors thereof to be closed at a time when he actually knew that plaintiff was in the act of alighting between the doors, and in such situation as that to move the cars and to close the doors would probably, if not certainly, result in injury to plaintiff; and that this action of the conductor of the trailer was characterized by a reckless indifference to the, at least, probable injurious consequences that would attend the *then* movement of the cars and the closing of the doors thereto. The vital questions under the pleadings were for the jury, and the court well declined to foreclose the inquiries and their solution by the jury.

The evidence also rendered it impossible for the court to say, through instruction of the jury, that the plain-

tiff's injuries, if suffered to the extent his testimony affirms, were *not* of a permanent character.

So, too, there was no error in refusing to instruct the jury that the plaintiff could not "recover for any time, if any, he lost from work." That was an element of damages claimed in the complaint; and there was evidence tending to show the factum of the loss of time by reason of his injuries and to show the monetary equivalent or measure thereof.

There being credible evidence and reasonable inferences therefrom upon which the jury might rest the amount of the recovery awarded, both as respected compensation and exemplary damages, the amount here given by the jury cannot be said to manifest such passion and prejudice as to allow the annulling of the verdict.

The judgment is affirmed.

Affirmed. All the Justices concur.